**Oran SETTLEMOIR, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**No. J 60 C 26.**

United States District Court
E. D. Arkansas,
Jonesboro Division.

Dec. 27, 1960.

Bill Penix, Penix & Penix, Jonesboro, Ark., for plaintiff.

Osro Cobb, U. S. Atty., by Ralph Sloan, Little Rock, Ark., for defendant.

YOUNG, District Judge.

This appeal was instituted by the claimant from an adverse decision by the referee rendered pursuant to the Federal Old-Age, Survivors, and Disability Insurance Benefits Act, 42 U.S.C.A. §§ 401–425. The referee held that Oran Settlemoir and his son, Charles R. Settle-moir, were operating "Settlemoir's Grocery" as partners. Pursuant to this conclusion the claimant was entitled to be credited with one-half of the net proceeds of the store for the period 1951 through 1956 for the purpose of determining his net earnings from self-employment. The social security payments to the claimant were reduced in accord with the opinion and claimant appealed.

The issue before this court is whether the decision of the referee is supported by substantial evidence, 42 U.S.C.A. § 405(g), and more particularly whether there is substantial evidence to support the conclusion that claimant and his son were partners. It is the conclusion of the court that the decision is supported by substantial evidence and the referee's determination is therefore affirmed.

For the calendar years 1951 to 1956 inclusive, the claimant, Oran Settlemoir, filed individual tax returns listing his son, Charles, as a dependant. The claimant also reported his self-employment income for social security purposes as an individual.

On May 10, 1956 the claimant signed a partnership questionnaire, which stated that he and his son were operating the Settlemoir's Grocery as a partnership, and detailed the methods of conducting the business. On August 21, 1957 Charles Settlemoir in an interview corroborated the version given by his father in regard to the partnership here in question. On January 15, 1958 the claimant signed a statement during an interview with a representative of the Bureau of Old-Age and Survivors Insurance of the Social Security Administration that he and his son were partners in "Settlemoir's Grocery".

On January 16, 1958, after consulting with James K. Partlow, his accountant, Mr. Settlemoir by letter repudiated his prior statements, claiming that a partnership never existed and that the business was a single proprietorship. He wrote that he was in poor health and had a failing memory, which caused him to err in his former statements. The son, Charles, also repudiated his statements

and verified his father's letter of January 16, 1958 as being the correct manner in which the business was conducted.

At the hearing before the referee, after a determination by the Bureau that the grocery business was a partnership, claimant testified that his son lived at home as a member of the household and merely worked in the store. Charles was given money as he needed it, although he had authority to write checks for the business as a convenience to the claimant. Claimant further testified that he had only a vague recollection concerning the interviews with the Bureau's representatives.

Mr. Partlow testified that the business was conducted as a single proprietorship and that a partnership never existed. Sales receipts were introduced showing that the claimant was billed individually by concerns dealing with the store.

The record shows that the son was 21 years old in 1948. There is testimony which attempts to establish that Charles was in poor health and would not be qualified for partnership standing with his father. However, the claimant did, upon retirement, sell the store, or his interest in the store, to his son January 1, 1957. The store was closed about one year later due to the son's health.

From this record it is my decision that there is substantial evidence to support the referee's decision. Three facts lead me to this conclusion. First of all, both Oran Settlemoir and his son, Charles, made statements and representations to the Bureau that the grocery store was being operated as a partnership. Secondly, the evidence shows that in the years in question, 1951 to 1956, Charles Settlemoir was between 24 and 29 years old and devoted full time to working in the store. It is at least doubtful that a man of this age would work full time in an establishment and receive remuneration similar to allowances given children. Finally, the record shows that Charles had extensive managerial powers.

It is therefore the decision of this court that the referee be affirmed.